**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TRAVEL + LIESURE RESORT
DEVELOPMENT, INC. f/k/a
WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT CORPORATION,

        **Plaintiffs,**

v.                                   **Case No: 6:25-cv-0632-GAP-DCI**

LINX LEGAL, INC., ROSARIO CRAIG
MUSUMECI,

        **Defendants.**

_____

**ORDER**

    This matter comes before the Court following a hearing on Defendants' Short Form Motion to Compel Plaintiffs' Production of Documents and Answers to Interrogatories. Doc. 52 (the Motion). In the Motion, Defendants seek an order compelling Plaintiffs "to produce documents responsive to RFP Nos. 10, 11, 12, and 19-26 and to answer Interrogatory Nos. 5 and 6." Doc. 52 at 1. Plaintiffs object to the relevance and proportionality of these requests and assert that the "Court should deny the Motion in full." Doc. 53 at 4. On May 20, 2026, the Court held a hearing on the Motion and heard arguments from the parties. Doc. 60. During the hearing, Defendants made an *ore tenus* motion for attorney fees pursuant to Federal Rule of Civil Procedure 37, which the Court denied.

    The Court's rulings on the disputed discovery requests are summarized below:

| Request Number | Ruling |
|---|---|
| Request for Production Nos. 11, 12 | Motion to compel granted in part. Plaintiffs shall produce: any complaint received from any governmental or regulatory authority; any substantive communications with the governmental or regulatory authority about the complaint(s) received; and Wyndham's substantive response to the governmental or regulatory authority concerning the complaint(s). The production is limited to only include complaints involving at-issue owners with a look-back period of ten years. |
| Interrogatory No. 6. | Motion to compel granted in part. Plaintiffs shall produce a list of case captions (including parties to the case, case number, and forum) for any legal dispute involving Wyndham and the at-issue owners. |
| Request for Production Nos. 19, 20 | Motion to compel granted in part. Plaintiffs shall disclose documents and internal communications sufficient to identify policies, agreements, or decisions by Wyndham not to deal with or otherwise do business with any time share owner who uses third party assistance to cancel or otherwise terminate their timeshare agreement. |
| Request for Production No. 21 | Motion to compel granted in part. Plaintiffs shall produce documents responsive to this request, restricted to at-issue owners and related to Linx legal. |
| Request for Production Nos. 22, 23, 24 | Motion to compel granted, restricted to at-issue owners. |
| Request for Production No. 25 | Motion to compel denied. |
| Request for Production No. 26 | Motion to compel denied. |
| Interrogatory No. 5 | Motion to compel granted. |

As stated on the record at the hearing, it is **ORDERED** that:

1. the Motion (Doc. 52) is **GRANTED in part** such that, **on or before June 3, 2026**, Plaintiffs shall provide Defendants with the responses and materials compelled by this Order, with the following exceptions:

2

    a.  **On or before June 19, 2026**, Plaintiffs shall provide Defendants with the compelled responses to Requests for Production Nos. 11 and 12 and Interrogatory 6, though Plaintiffs shall provide the compelled responses on a rolling basis as the materials are located and reviewed; and

    b.  **On or before July 15, 2026**, Plaintiffs shall provide Defendants with the compelled response to Interrogatory No. 5; and

2. the Motion (Doc. 52) is **DENIED** in all other respects.

To the extent Plaintiffs assert that a document compelled should be withheld as privileged, Plaintiffs must prepare a privilege log and submit the privilege log to Defendants by the deadlines provided above.

**ORDERED** in Orlando, Florida on May 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE